UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PANACEA PLANT SCIENCES, INC., and DAVID HELDRETH, CEO, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, in his official capacity as U.S. Attorney General, et al., <br><br> Defendants. | Case No. C24-477RSM <br><br> ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER |

On April 16, 2024, Plaintiffs Panacea Plant Sciences, Inc. ("Panacea") and its CEO, David Heldreth, filed a Motion for a Temporary Restraining Order ("TRO") against Defendants Merrick B. Garland, Anne M. Milgram, and Paul E. Soeffing. Dkt. #6. Plaintiffs seek an ex parte TRO against the heads of the Department of Justice and the Drug Enforcement Administration ("DEA"), and Administrative Law Judge Soeffing enjoining them from further administrative proceedings to change the schedule of two certain drugs, DOI and DOC, pending the resolution of this case. *Id.*, *see also* Dkt. #6-1. Panacea states that it uses these drugs in its research. The Motion is not supported with a declaration or exhibits.

ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER - 1

Plaintiffs ask this Motion be heard "ex parte," or without notice to Defendants. However, Plaintiffs do not provide any factual support for this request, and do not analyze the issue except to state generally that they want immediate action from this Court. Plaintiffs provide no evidence of serving Defendants or a plan to do so in the near future.

"The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). "Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). "Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party, by electronic means if available, before or contemporaneously with the filing of the motion and include a certificate of service with the motion." *Id.* "The motion must also include contact information for the opposing party's counsel…" *Id.*

The Court's Local Rules otherwise allow for the adverse party or parties to file a Response to a TRO. *See* LCR 65(b)(5). The adverse party must file a notice "indicating whether it plans to oppose the motion within twenty-four hours after service of the motion," and "file its response, if any, within forty-eight hours after the motion is served." *Id.* No reply is permitted from Plaintiff. *Id.*

The Court has reviewed Plaintiffs' Motion and finds it has failed to demonstrate that immediate and irreparable injury will result before Defendants can be heard in opposition. The

ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER - 2

Court need not analyze all the moving parts of Plaintiffs' case to reach this conclusion. It is sufficient to note that Plaintiffs argue that DEA ALJ Soeffing recently issued "an order to hold any decisions in abeyance" pending a review of certain documents, a prehearing conference, and a hearing. Dkt. #6 at 3. Plaintiffs have not stated when the hearing will be held, or if it has even been scheduled. It is unclear from briefing what will even happen at this hearing. The harms discussed in the Motion—the destruction of their DOI or DOC drugs, Plaintiffs' loss of standing—therefore are not "immediate." The Court also questions whether the harms are irreparable, but will save that analysis for a later day. The Court has several other concerns with procedural issues and the likelihood of success on the merits. However, the Court concludes now only that Plaintiffs have failed to demonstrate specific facts clearly showing that immediate and irreparable injury, loss, or damage will result before the adverse party can be heard in opposition.

Accordingly, having considered the above Motion and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiffs' Motion for an ex parte TRO, Dkt. #6, is DENIED. The Court DIRECTS Plaintiffs to properly serve Defendants prior to seeking TRO relief in a future motion.

DATED this 16th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER - 3