UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PANACEA PLANT SCIENCES, INC., and DAVID HELDRETH, CEO,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK B. GARLAND, in his official capacity as U.S. Attorney General, et al.,<br><br>Defendants. | Case No. C24-477RSM<br><br>ORDER DENYING MOTION FOR EX PARTE REQUEST TO PROCEED WITHOUT COUNSEL |

This matter comes before the Court on Plaintiffs' ex parte Motion requesting the Court grant Panacea Plant Sciences, Inc. ("PPS") "the ability to assign a PPS corporate director to act in the pro se capacity in place of an attorney…" Dkt. #7 at 1. The person PPS has in mind is already a party in the case—Plaintiff David Heldreth. PPS warns that the Court risks violating the 14th Amendment by "restricting corporations' equal access" to "rights." *Id*. The Motion references "Burwell v. Hobby Lobby and Citizens United v. FEC," without citation and with no other legal citations or analysis. *Id*. The Motion acknowledges that "[t]he right to a pro se representation by a corporation has yet to be heard by the Supreme Court…" *Id*. at 2. Plaintiffs declare that "LCR 83.2 should be revoked and removed from local rules as unconstitutional." *Id*. Little else is said by Plaintiffs on the matter.

ORDER DENYING MOTION FOR EX PARTE REQUEST TO PROCEED WITHOUT COUNSEL - 1

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). The Ninth Circuit has also reminded litigants that "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *see also United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole shareholder could not make "an end run" around the counsel requirement by intervening *pro se* rather than retaining counsel to represent the corporation). This Court's Local Civil Rule 83.2(b)(4) likewise requires that "[a] business entity, except a sole proprietorship, must be represented by counsel."

Plaintiffs have failed to demonstrate that LCR 83.2(b)(4) is unconstitutional or that PPS has a constitutional right to proceed without counsel contrary to what the Supreme Court has called "the law for the better part of two centuries."

Accordingly, having considered the above Motion and the remainder of the record, the Court hereby FINDS and ORDERS that Plaintiffs' Motion, Dkt. #7, is DENIED. Plaintiff Panacea Plant Sciences, Inc. is DIRECTED to secure counsel and for that counsel to make an appearance in this case prior to the filing of future motions or requests for relief, and in any event no later than May 16, 2024.

DATED this 16th day of April, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR EX PARTE REQUEST TO PROCEED WITHOUT COUNSEL - 2