UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PANACEA PLANT SCIENCES, INC., and DAVID HELDRETH, CEO,<br><br>Plaintiffs,<br><br>v.<br><br>MERRICK B. GARLAND, in his official capacity as U.S. Attorney General, et al.,<br><br>Defendants. | Case No. C24-477RSM<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. It began on April 10, 2024, with Plaintiffs Panacea Plant Sciences, Inc. ("PPS"), and David Heldreth, CEO, filing a "Complaint and Request for Temporary Restraining Order." Dkt. #1. That same day, the Court informed Plaintiffs of deficiencies with the filing, including the note to "refer to LCR 83.2 regarding representation of counsel for a business entity." Dkt. #3. Six days later Mr. Heldreth, *pro se*, filed a Motion for Temporary Restraining Order on behalf of Plaintiffs. Dkt. #6. He signed the Motion on behalf of PPS and again on behalf of himself. *See* Dkt. #6. At 6. That same day he filed a Motion requesting the "the ability to assign a PPS corporate director to act in the pro se capacity in place of an attorney…" Dkt. #7 at 1. The Court denied that relief and ordered Plaintiff PPS to "secure counsel and for that counsel to make an appearance in this case prior to

ORDER TO SHOW CAUSE - 1

the filing of future motions or requests for relief, and in any event no later than May 16, 2024." Dkt. #9 at 2. On May 6, 2024, David Heldreth filed a Motion for extension of time to secure counsel and a Motion to stay the case. Dkts. #11 and #12. The Court denied the extension of time and struck the Motion to stay. Dkts. #13 and #14. The Court's Minute Order striking the Motion to stay indicated that it was "inappropriate for Plaintiff David Heldreth to file this Motion prior to the appearance of counsel for his company." Dkt. #14.

The deadline for PPS to secure counsel has now passed.

The TRO Motion was denied. Dkt. #8. The relief requested in the TRO, a stay of an underlying regulatory action, may have resulted despite the Court's denial simply due to this action being filed. The Court suspects this to be the case because, in one filing, Plaintiffs state: "On April 17, 2024, DH and PPS requested a stay of the ALJ proceedings until these court proceedings were concluded. On April 24, 2024, ALJ Paul E. Soeffing, the ALJ overseeing the DOI/DOC administrative hearing, entered a stay in consideration of DH and PPS complaint before this court." Dkt. #12 at 2. Defendants have yet to appear in this case.

Rule 41(b) allows district courts to dismiss an action for failure to prosecute or to comply with rules or a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a district court's "power to [dismiss an action for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that "courts may dismiss under Rule 41(b) sua sponte" for a plaintiff's failure to prosecute or comply with the court's orders or the Federal Rules of Civil Procedure); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow a district court's local rules is a proper ground for dismissal).

ORDER TO SHOW CAUSE - 2

This Court's Local Civil Rules state:

> A business entity, except a sole proprietorship, must be represented by counsel. If the attorney for a business entity, except a sole proprietorship, is seeking to withdraw, the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

LCR 83.2.

Plaintiffs have violated the Court's April 16, 2024, Order by failing to secure counsel before filing motions and by failing to secure counsel prior to May 16, 2024. Plaintiff PPS cannot do anything in this case without counsel. Considering that, and the nature of this case—Plaintiff requesting a TRO to stay regulatory action, and that action being stayed pending the resolution of this case—it appears to the Court that Plaintiffs have failed to prosecute this action under the above law. In Response to this Order, Plaintiff must write a short statement explaining why this case should not be dismissed given the above. **This Response may not exceed six (6) pages**. This Response may be drafted by counsel or by David Heldreth on behalf of Plaintiffs. The Court will take no other action in this case until this Response is filed.

The Court hereby finds and ORDERS that Plaintiffs shall file this Response to this Order to Show Cause **no later than thirty (30) days from the date of this Order**. Failure to file this Response will result in dismissal of this case.

DATED this 17th day of May, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER TO SHOW CAUSE - 3