UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PANACEA PLANT SCIENCES, INC., and DAVID HELDRETH, CEO, <br><br> Plaintiffs, <br><br> v. <br><br> MERRICK B. GARLAND, in his official capacity as U.S. Attorney General, et al., <br><br> Defendants. | Case No. C24-477RSM <br><br> ORDER OF DISMISSAL |

This matter comes before the Court *sua sponte*. On May 17, 2024, the Court ordered Plaintiffs to explain why this case should not be dismissed for violating the Court's April 16, 2024, Order by failing to secure counsel before filing motions and by failing to secure counsel prior to May 16, 2024. Dkt. #15. Plaintiffs have filed two Responses. Dkts. #16 and #17. The Court has reviewed these Responses and determined that dismissal of this action is warranted.

On April 10, 2024, Plaintiffs Panacea Plant Sciences, Inc. ("PPS"), and David Heldreth, CEO, filed a "Complaint and Request for Temporary Restraining Order." Dkt. #1. Although the Complaint lists two Plaintiffs, the corporation and its CEO, the latter is in the caption as "David Heldreth representing Panacea Plant Sciences, Inc." *Id.* at 1. There are multiple indications that Mr. Heldreth is not bringing any claims on his own behalf. The first sentence

ORDER OF DISMISSAL - 1

states that "Plaintiff Panacea Plant Sciences, Inc. (PPS), by this complaint against the United States Department of Justice, Attorney General Merrick B. Garland, the Drug Enforcement Administration, its Administrator Anne M. Milgram, and its Administrative Law Judge Paul E. Soeffing, allege [sic] as follows…" Mr. Heldreth does not allege anything on his own behalf. The facts section mentions PPS dozens of times. Mr. Heldreth is mentioned only three times, each time along with PPS: "On September 3, 2021, Panacea Plant Sciences and David Heldreth contacted the DEA… PPS/David Heldreth filed a FOIA request…. PPS/David Heldreth filed an appeal…." *See id*. The causes of action are brought by PPS rather than PPS and Mr. Heldreth. *See id*. at 14 ("PPS seeks an injunction…"). Although the omission of Mr. Heldreth at various times in the Complaint might seem technical in nature, the Court is struck by the absence of any facts or details related to this second Plaintiff. The Complaint does not discuss how Defendants' actions have affected Mr. Heldreth or how he has been injured.

  The day this case was opened, the Court informed Plaintiffs of deficiencies with the filing, including the note to "refer to LCR 83.2 regarding representation of counsel for a business entity." Dkt. #3. Six days later Mr. Heldreth, *pro se*, filed a Motion for Temporary Restraining Order on behalf of Plaintiffs. Dkt. #6. He signed the Motion on behalf of PPS and again on behalf of himself. *See* Dkt. #6. At 6. That same day he filed a Motion requesting the "the ability to assign a PPS corporate director to act in the pro se capacity in place of an attorney…" Dkt. #7 at 1. The Court denied that relief and ordered Plaintiff PPS to "secure counsel and for that counsel to make an appearance in this case prior to the filing of future motions or requests for relief, and in any event no later than May 16, 2024." Dkt. #9 at 2. On May 6, 2024, David Heldreth filed a Motion for extension of time to secure counsel and a Motion to stay the case. Dkts. #11 and #12. The Court denied the extension of time and struck

ORDER OF DISMISSAL - 2

the Motion to stay. Dkts. #13 and #14. The Court's Minute Order striking the Motion to stay indicated that it was "inappropriate for Plaintiff David Heldreth to file this Motion prior to the appearance of counsel for his company." Dkt. #14.

The deadline for PPS to secure counsel has now passed.

The TRO Motion was denied. Dkt. #8. The relief requested in the TRO, a stay of an underlying regulatory action, may have resulted despite the Court's denial simply due to this action being filed. The Court suspects this to be the case because, in one filing, Plaintiffs state: "On April 17, 2024, DH and PPS requested a stay of the ALJ proceedings until these court proceedings were concluded. On April 24, 2024, ALJ Paul E. Soeffing, the ALJ overseeing the DOI/DOC administrative hearing, entered a stay in consideration of DH and PPS complaint before this court." Dkt. #12 at 2.

Defendants have yet to appear in this case.

Rule 41(b) allows district courts to dismiss an action for failure to prosecute or to comply with rules or a court order. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a district court's "power to [dismiss an action for failure to prosecute] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion" in the calendars of the district courts); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (explaining that "courts may dismiss under Rule 41(b) sua sponte" for a plaintiff's failure to prosecute or comply with the court's orders or the Federal Rules of Civil Procedure); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow a district court's local rules is a proper ground for dismissal).

This Court's Local Civil Rules state:

> A business entity, except a sole proprietorship, must be represented by counsel. If the attorney for a business entity, except a sole

ORDER OF DISMISSAL - 3

> proprietorship, is seeking to withdraw, the attorney shall certify to the court that he or she has advised the business entity that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the business entity's claims for failure to prosecute and/or entry of default against the business entity as to any claims of other parties.

LCR 83.2.

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993). The Ninth Circuit has also reminded litigants that "[c]orporations and other unincorporated associations must appear in court through an attorney." *In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994); *see also United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that a corporation's president and sole shareholder could not make "an end run" around the counsel requirement by intervening pro se rather than retaining counsel to represent the corporation).

Plaintiffs have violated the Court's April 16, 2024, Order by failing to secure counsel before filing motions and by failing to secure counsel prior to May 16, 2024. Plaintiffs have been informed of the above local rule and case law prior to filing its Responses to the Order to Show Cause. PPS's Response states, "[w]e have contacted numerous attorneys/lawyers in Washington state, but none have been willing to go on the record against the DOJ/DEA and have asked not to be named." Dkt. #16 at 1. Plaintiffs, for the first time, describe Mr. Heldreth as "representing his personal stake as shareholder in PPS." *Id*. PPS asks the Court to "keep the case open, while removing PPS as a plaintiff, due to lack of ability to secure counsel under LCR 83.2, and allow plaintiff David Heldreth to remain on the case." *Id*. PPS states "[a]s an individual shareholder, David Heldreth has standing to continue this action as the scheduling of

ORDER OF DISMISSAL - 4

DOI/DOC would cause harm on PPS, reducing the valuation of the company and reducing the value of David Heldreth's stock and ownership in PPS." *Id*. at 2.  Mr. Heldreth's Response says pretty much the same thing.  *See* Dkt. #17.

Plaintiffs have had more than enough time to secure counsel.  They should have secured counsel prior to filing this action.  Considering that, and the nature of this case—Plaintiff requesting a TRO to stay regulatory action, and that action being stayed pending the resolution of this case—the Court finds that Plaintiffs have violated the Court's Orders, the local rules, the spirit of the local rules, and otherwise failed to prosecute this action under the above law.  The Court further finds that Plaintiffs' current request amounts to "an end run" around the counsel requirement and that such request should not be granted given the procedural history of this case.

According, the Court hereby finds and ORDERS that Plaintiffs' claims are DISMISSED.  This case is CLOSED.  The Court DIRECTS Plaintiffs to serve Defendants with a copy of this Order.

DATED this 20th day of June, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL - 5